Benjamin E. Lowenthal (8645)
Law Office of Benjamin Lowenthal, LLC
1001 Bishop Street, Suite 2210
Honolulu, Hawaiʻi 96813
Telephone: (808) 766-8247
Email: benjamin@bellawyer.com

Attorney for Defendant
Darren Patrick Riley

In the United States District Court

for the District of Hawaiʻi

| | |
|---|---|
| United States of America,<br>Plaintiff,<br><br>vs.<br><br>Darren Patrick Riley,<br>Defendant. | 23-cr-071-JMS<br><br>Defendant's Sentencing Memorandum and Request for Downward Variance.<br><br>Hearing Date: November 16, 2026<br>Hearing Time: 1:30 p.m.<br>Hon. Judge J. Michael Seabright |

**Defendant's Sentencing Memorandum and Request for Downward Variance**

## Introduction

Darren Patrick Riley was tried and convicted of crimes that have damaged young children. Mr. Riley did not participate in his trial and in the presentencing interview. And he objected to the facts and background information the Court normally relies upon to impose a sentence. Nevertheless, the sentence must be imposed. And the sentence must be sufficient but not greater than necessary to meet the goals in 18 USC § 3553(a).[1] While the nature of this case is extreme and Mr. Riley has not made these proceedings easy, a sentence should give some hope for Mr. Riley to rehabilitate beyond the prison walls.

**A downward variance is sufficient but not greater than necessary to accomplish the goals in § 3553(a)(2).**

The Court considers "every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue." *Pepper v. United States*, 562 U.S. 476, 487 (2011). In other words, the "punishment should fit the offender and not merely the crime." *Id.* at 488. The Sentencing Reform Act codifies the principle by calling on the Court to consider four considerations: retribution, deterrence, incapacitation, and rehabilitation. *See Esteras v. United States*, 606 U.S. 185, 191 (2025). *See also* 18 U.S.C. § 3553(a)(2).

---

1 Mr. Riley asks this Court to weigh the factors in 18 U.S.C. § 3553(a) before moving on to the guideline analysis. *See Bennett, Confronting Cognitive "Anchoring Effect" and "Blind Spots" in Federal Sentencing: A Modest Solution for Reforming a Fundamental Flaw*, 104 J. Crim. Law & Criminology 489, 530 (2014).

These considerations pose four questions that go to the "core of any system of criminal justice: What sentence does the defendant deserve? What sentence will deter criminal conduct in the future? What sentence will protect the public? And what sentence is most likely to help the defendant rehabilitate back into society?" *Esteras*, 606 U.S. at 192. In answering these questions, § 3553 ensures that the sentence is "sufficient but not greater than necessary." *Id.*

Retribution, deterrence, and incapacitation hinge on the Court's assessment of the nature and circumstances of the offense and the history and characteristics of the defendant. *See also* 18 U.S.C. § 3553(a)(1). The PSR documents Mr. Riley's mental health issues and physical disabilities. He has been diagnosed [redacted] PSR at ¶184-189. [redacted]. PSR at ¶187. The PSR also documents [redacted]. PSR at ¶167 & 181. The PSR reveals a deeply flawed and disturbed person in need of rehabilitation. The PSR shows that the sentence Mr. Riley deserves should afford some degree of leniency to allow him the chance to rehabilitate himself.

**The opportunity for rehabilitation should be considered in determining whether to impose a life sentence.**

The fourth factor calls on the Court to consider a sentence that gives the defendant "needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]" 18 U.S.C. § 3553(a)(2)(D). The guidelines point toward a life sentence. A downward variance will give some

incentive for Mr. Riley to seek rehabilitative help, medical care, and training. And it will give Mr. Riley at least some hope of a life beyond the prison walls. That in of itself merits consideration.

## Conclusion

Mr. Riley is facing the very real prospect of spending the rest of his life in prison. A downward variance is appropriate and meets the sentencing goals in § 3553(a)(2).

Dated: November 10, 2026.

s/ Benjamin Lowenthal
Benjamin E. Lowenthal
Attorney for Defendant
Darren Patrick Riley